IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHIL D. MILLS, | Case No. 5:20 CV 307 |
| Petitioner, | JUDGE JAMES S. GWIN |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| HAROLD MAY, Warden, | |
| Respondent. | **REPORT AND RECOMMENDATION** |

Phil D. Mills, an Ohio prisoner who was sentenced to an 18-month prison term after he pleaded guilty to having a weapon under disability and improperly handling firearms in a motor vehicle, seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] Mills claims that his conviction and sentence in *State v. Mills*, Summit Cty. Ct. Comm. Pl. Case No. CR-2016-04-1091-A, violated his constitutional rights. On August 28, 2020, Warden Harold May[2] filed a motion to dismiss the petition as untimely. ECF Doc. 9. Mills filed a "traverse" opposing Warden May's motion on November 30, 2020. ECF Doc. 13. The matter is before me by an automatic order of

---

[1] Mills's 18-month prison term imposed in *State v. Mills*, Summit Cty. Ct. Comm. Pl. Case No. CR-2016-04-1091-A was ordered to be served concurrently with the 18-month prison term imposed after Mills was convicted of drug trafficking in *State v. Mills*, Summit Cty. Ct. Comm. Pl. Case No. CR-2017-05-1856. ECF Doc. 9-1 at 35. On January 18, 2018, Mills was sentenced to an aggregate nine-year prison term imposed after Mills was convicted of two counts of aggravated burglary with firearm specifications and having weapons under disability in *State v. Hill*, Summit Cty. Ct. Comm. Pl. Case No. CR-2016-08-2784, which the court ordered to be served concurrently with Mills's previously imposed sentences. *See* Docket for Summit Cty. Ct. Comm. Pl. Case No. CR-2016-08-2784, Document No. 55.

[2] Harold May was Warden of Richfield Correctional Institution, the facility where Mills was housed when he filed his petition. Mills is now housed at Belmont Correctional Institution, and David Gray is Warden of that prison. Ohio Offender Search, *available at* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A701552 (last visited Jan. 8, 2021).

reference under Local Rule 72.2 for preparation of a report and recommendation pursuant to Local Rule 72.1.[3]

Because Mills's claim is barred by AEDPA's statute of limitations, he is not entitled to equitable tolling, and he has not presented a claim of actual innocence, I recommend that Warden May's motion to dismiss as untimely Mills's claims (ECF Doc. 9) be GRANTED, that Mills's claims be DISMISSED, and that Mills's petition for writ of habeas corpus (ECF Doc. 1) be DENIED. I further recommend that he not be granted a certificate of appealability.

## II. Procedural History

### A. Conviction and Sentencing, Case No. CR-2016-04-1091-A

In March 2016, a Summit County, Ohio grand jury returned an indictment charging Mills with one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.14 ("Count 1"); one count of carrying concealed weapons in violation of Ohio Rev. Code § 2923.12(A)(2) ("Count 2"); and one count of improperly handling firearms in a motor vehicle in violation of Ohio Rev. Code § 2923.16(B), (I)(2) ("Count 3"). ECF Doc. 9-1 at 5-6. On August 10, 2017, Mills, through counsel, entered a written plea agreement in which Mills agreed to plead guilty to Counts 1 and 3. ECF Doc. 9-1 at 29; ECF Doc. 9-2 at 132. The government agreed to dismiss Count 2, merge Counts 1 and 3 for sentencing, and recommend an 18-month sentence to be served concurrently with the sentence imposed in *State v. Mills*, Summit Cty. Ct. Comm. Pl. Case No. CR-2017-05-1856. ECF Doc. 9-1 at 29, 32; ECF Doc. 9-2 at 132. Also on August 10, 2017, the state trial court accepted Mills's guilty plea after conducting a full plea colloquy to ensure Mills: (1) was advised of his trial rights; (2) understood the nature and

---

[3] Chief Judge Patricia A. Gaughan also issued a differentiated case management initial order for administrative track cases reflecting the automatic order of reference. ECF Doc. 3.

2

potential consequences of the charges against him; and (3) was competent and not coerced or improperly induced to enter the plea agreement. ECF Doc. 9-1 at 32; ECF Doc. 9-2 at 132-43. That same day, the state trial court sentenced Mills to a prison term of 18 months, to be served concurrently with the 18-month prison term imposed in *State v. Mills*, Summit Cty. Ct. Comm. Pl. Case No. CR-2017-05-1856, and to be followed by a discretionary term of three years of post-release control. ECF Doc. 9-1 at 34-35; ECF Doc. 9-2 at 152-53. The state trial court entered its final judgment on August 14, 2017. ECF Doc. 9-1 at 34.

  Mills did not file a direct appeal.

  **B. Motion to Withdraw Guilty Plea, Case No. CR-2016-04-1091-A**

  On July 26, 2018, Mills filed a *pro se* motion to withdraw his guilty plea. ECF Doc. 9-1 at 326-35. On September 13, 2018, the state trial court denied Mills's motion to withdraw his guilty plea because he failed to establish manifest injustice, which Ohio Rule of Criminal Procedure 32.1 required Mills to show to withdraw his guilty plea after sentence was imposed. ECF Doc. 9-1 at 540.

  **C. Delayed Direct Appeal, Case No. 29224**

  On November 1, 2018, Mills *pro se* filed an untimely notice of appeal from the denial of his motion to withdraw his guilty plea and a motion for leave to file a delayed appeal. ECF Do. 9-1 at 542-47. On November 30, 2018, the Ohio Court of Appeals granted Mills leave to file a delayed appeal. ECF Doc. 9-1 at 559. Mills's appellate brief raised three assignments of error:

1. The trial court abused their discretion when determining if appellant entered his guilty plea knowingly, intelligently and voluntarily.

2. Counsel was ineffective, in violation of the Sixth Amendment to the U.S. Constitution, during plea and sentencing negotiations, when he failed to advise appellant that he had a right to appeal his meritable suppression motion, and a plea of no-contest (or going to trial, if the trial court hadn't

3

      accepted his no-contest plea) would be a better option (reserving his right to appeal).

3. The trial court abused their discretion when they denied appellant's request for an evidentiary hearing

ECF Doc. 9-1 at 571, 574-75. On June 5, 2019, the Ohio Court of Appeals affirmed the trial court's denial of Mills's motion to withdraw his guilty plea and denial of an evidentiary hearing. ECF Doc. 9-1 at 614. In doing so, the Ohio Court of Appeals stated only that Mills's three assignments of error were overruled because Mills had not met his burden to: (1) raise any argument (much less show) that he would not have pleaded guilty but for counsel's deficient performance; or (2) demonstrate that any alleged deficiency precluded him from entering his plea knowingly and voluntarily. ECF Doc. 9-1 at 614.

### D. Appeal to Ohio Supreme Court, Case No. 2019-0881

On June 28, 2019, Mills appealed to the Ohio Supreme Court. ECF Doc. 9-1 at 616-17. Mills's memorandum in support of jurisdiction raised three propositions of law:

1. Entering an [agreed] guilty plea [unintelligently, unknowingly, and involuntarily] are breaches of: Criminal Rule 11; and the Ohio and U.S. Constitutions (Due Process and Equal Protection).

2. Counsel's failure to advise and the alternative results if not for the deficiency, are violations of the Ohio and U.S. Constitutions (Ineffective Assistance of Counsel).

3. Failure to grant an evidence hearing, based on indisputable evidence, is an abuse of discretion (violation of the Ohio and U.S. Constitutions).

ECF Doc. 9-1 at 627, 628, 630 (bracketed material in original). On August 20, 2019, the Ohio Supreme Court declined jurisdiction. **ECF Doc. 9-1 at**

**Post-Conviction Petition, Case No. CR-2016-04-1091-A**

On July 26, 2018 – the same day he filed his motion to withdraw his guilty plea – Mills filed a *pro se* petition for post-conviction relief. ECF Doc. 9-1 at 37-74. Mills's petition raised five grounds for relief:

1. The trial court erred by imposing a sentence that is contrary to law and void as a result of not imposing a mandatory fine on the trafficking in marijuana offense.

2. Petitioner was deprived effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution during plea negotiation when counsel failed to inform petition of the direct consequences of his plea.

3. Petitioner was deprived effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution by failing to advise petitioner he had the legal option to file a pre-sentence motion to withdraw guilty plea pursuant to Crim. R. 32.1.

4. Petitioner was deprived effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution – during plea negotiation – when counsel failed to: (1) conduct an adequate investigation, (2) advise petitioner of a meritorious fourth amendment defense, and (3) file a motion to suppress the unconstitutionally obtained evidence on the basis that the dismissal of the traffic ticket constituted uncontroverted proof that no traffic violation occurred.

5. Petitioner was deprived effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to file an appeal as instructed by the petitioner.

ECF Doc. 9-1 at 40, 43, 57, 63, 69. The state moved to dismiss Mills's post-conviction petition because the sentencing error claim was *res judicata* barred and the ineffective-assistance-of-counsel claims were meritless. ECF Doc. 9-1 at 153-60. Mills opposed the state's motion to dismiss. EC Doc. 9-1 at 162-68. On September 17, 2018, the state trial court dismissed Mills's post-conviction petition because the petition and evidence attached to it did not set forth sufficient operative facts to support his ineffective-assistance-of-counsel claims and his sentencing error claim was *res judicata* barred. ECF Doc. 9-1 at 169-70.

5

### E. Appeal from Denial of Post-Conviction Relief, Case No. 29190

On October 1, 2018, Mills *pro se* appealed the denial of post-conviction petition to the Ohio Court of Appeals. ECF Doc. 9-1 at 172. In his appellate brief, Mills raised four assignments of error:

1. The trial court abused their discretion by dismissing appellant's petition for post conviction and barring it *res judicata*

2. The conflicting elements in the uniform traffic citation and dismissed complaint, renders the detention (that resulted from the traffic stop) an unreasonable seizure of the Fourth Amendment and Article 1, Section 9 of the U.S. and Ohio Constitutions (respectively).

    a. The unreasonable Fourth Amendment and Article 1, Section 9 seizures of the U.S. and Ohio Constitutions, respectively, fall within "the fruit of the poisonous tree" doctrine for all evidence seized during the April 3rd, 2016, traffic stop.

3. Counsel was ineffective (violation of the 6th Amendment and Article 1, Section 10 of the U.S. and Ohio Constitutions, respectively) for not investigating the April 3rd traffic stop.

4. The trial court abused their discretion when it denied appellant's request for an evidentiary hearing.

ECF Doc. 9-1 at 191, 193, 199-200, 203. Mills also filed a motion for the Ohio Court of Appeals to take judicial notice that a traffic stop underlying his case was invalid. ECF Doc. 9-1 at 235-41. On June 19, 2019, the Ohio Court of Appeals affirmed the denial of Mills's post-conviction petition. ECF Doc. 9-1 at 267-75. The court held that Mills's first assignment of error was meritless because, although the trial court had improperly concluded that *res judicata* barred Mills's claims, the trial court had correctly determined that Mills failed to meet his burden to demonstrate the denial or infringement of his rights required for relief. ECF Doc. 9-1 at 270. The court held that Mills's second assignment of error was waived because he did not raise it in his post-conviction petition. ECF Doc. 9-1 at 271. The court also concluded that Mills's third

6

assignment of error was meritless because he failed to show that his attorney's alleged ineffective assistance precluded him from entering his plea knowingly and voluntarily. ECF Doc. 9-1 at 274. The court also determined that the trial court did not abuse its discretion in denying an evidentiary hearing and denied Mills's motion for judicial notice. ECF Doc. 9-1 at 274. On June 28, 2019, Mills filed an application for reconsideration, which the Ohio Court of Appeals denied on August 21, 2019. ECF Doc. 9-1 at 276-78, 291-92.

### F. Second Appeal to the Ohio Supreme Court, Case No. 2019-1286

On September 19, 2019, Mills *pro se* appealed the decision affirming the denial of his post-conviction petition to the Ohio Supreme Court. ECF Doc. 9-1 at 293-94. Mills's memorandum in support of jurisdiction raised one proposition of law: "Failure of the Appeals Court to order the granting of an evidence hearing (that the trial court [initially denied]) based on indisputable evidence, is an abuse of discretion." ECF Doc. 9-1 at 296 (bracketed material in original). On November 12, 2019, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 9-1 at 325.

### III. Federal Habeas Corpus Petition

On February 12, 2020, Mills filed his petition for writ of habeas corpus. ECF Doc. 1. Mills's petition asserts five grounds for relief:

> **GROUND ONE:** Petitioner was deprived effective assistance of counsel in violation of the sixth amendment to the United States Constitution, during plea negotiations, when counsel failed to: conduct an adequate investigation; advise petitioner of a meritorious fourth amendment defense; and file a motion to suppress the unconstitutionally obtained evidence on the basis that the dismissal of the traffic ticket provided that no traffic violation occurred. If not for the deficiencies, the outcome of the suppression motion and (Plea and Sentencing hearing) would have likely been different.
>
> **GROUND TWO:** Defendant/Petitioner did not enter guilty plea knowingly, intelligently and voluntarily due to the ineffective assistance of counsel.

7

>**GROUND THREE:** Petitioner was deprived effective assistance of counsel due to counsel's failure to advise client of his right to appeal a meritable suppression motion that was filed and denied (August 11, 2016 and January 20, 2017, respectively). At no point during the trial court stages of this case was petitioner aware, or made aware, of his right to appeal the denied suppression motion. If not for the deficiencies, there's high probability that Petitioner would have appealed his suppression motion.
>
>**GROUND FOUR:** Petitioner did not enter guilty plea knowingly, intelligently and voluntarily due to the ineffective assistance of counsel.
>
>**GROUND FIVE:** In regard to petitioner's motion to Withdraw guilty plea and his Verified Petition for Post-Conviction Relief, The State Courts (trial, appellate and supreme) erred (abused their discretion per. Title 28 U.S.C.S. section 2254(d)(2)): (a) – when determining if Petitioner entered his guilty plea knowingly, intelligently and voluntarily; (b) – by failing to grant an evidence hearing (that Petitioner has continuously requested) based on indisputable evidence; (c) – and in vailing to acknowledge that both prongs of Petitioner's ineffective assistance of counsel [claim] were satisfied.

ECF Doc. 1 at 6-7, 10, 17, 22-23 (bracketed material in original).

## IV. Law and Analysis

### A. The Parties' Arguments

Warden May argues that Mills's petition is untimely under 28 U.S.C. § 2244(d)(1)(A) because he did not file it by January 8, 2018 – the 365-day deadline after his judgment of conviction became final as adjusted for all tolling events. ECF Doc. 9 at 9-12. Warden May also asserts that Mills's claims are also not entitled to a later limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling because: (1) his claims do not rely on a new, retroactive constitutional law decision by the U.S. Supreme Court; (2) Mills has not shown that he was prevented from filing a timely petition by some extraordinary circumstance outside his control; and (3) his claims do not rely on new evidence of actual innocence. ECF Doc. 9 at 12-16.

In his "traverse," Mills responds that his motion to withdraw his guilty plea and his post-conviction petition were both properly filed post-conviction applications entitled to

statutory tolling under 28 U.S.C. § 2244(d)(2). ECF Doc. 13 at 7-8. Mills asserts that, due to this statutory tolling, the one-year statute of limitations did not begin to run until November 2019 – when the Ohio Supreme Court declined jurisdiction over both of his post-conviction proceedings – and did not expire until November 13, 2020. ECF Doc. 13 at 9, 16-17. Mills also argues that he spent the 11 months between August 15, 2017 and July 26, 2018 researching his case, and that he did not discover the factual predicate underlying his post-conviction petition and motion to withdraw his guilty plea until he requested a copy of the particulars of his April 2016 traffic ticket after speaking with a fellow inmate in June or July 2018. ECF Doc. 13 at 12-15. Mills asserts that he is also entitled to equitable tolling because he was preoccupied with another criminal case that resulted in his conviction in December 2017 and assisting counsel in his appeal from that conviction between January 2018 and July 2018. ECF Doc. 13 at 19-22 (asserting that a roughly 30-day delay in filing his petition was not so bad in light of those circumstances).[4]

    **B.**     **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] The remaining portions of Mills's Traverse lay out the substantive arguments for his five grounds for relief. *See* ECF Doc. 13 at 22-40.

9

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year statute of limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). When a defendant fails to file a timely direct appeal, the judgment becomes final when the time to file a direct appeal to the state appellate court expires – unless the state appellate court grants leave to file a delayed appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal. Ohio R. App. P. 4(A).

The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen under Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction motion to withdraw a guilty plea, filed well after a defendant misses the deadline to file a direct appeal and the § 2244(d)(1)(A) limitations period

10

has begun to run, is a tolling motion under 28 U.S.C. § 2244(d)(2).[5] *See Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 608-09 (6th Cir. 2013) (explaining that it would "cut[] against the grain of AEDPA's purpose and [Sixth Circuit] precedents" promoting the finality of convictions and curbing dilatory tactics to allow a habeas petitioner to indefinitely reset the limitations period by delaying the filing of a plea-withdrawal motion in states (such as Ohio) that do not set time limits on such motions).

Mills's petition is untimely. Because Mills did not file a direct appeal from the August 14, 2017, entry of judgment of conviction within the 30 days permitted under Ohio App. R. 4(A) (*i.e.*, by September 14, 2017), Mills's judgment of conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on September 14, 2017. *Payton*, 256 F.3d at 408; *Jimenez*, 555 U.S. at 120. That's when the 365-day limitations clock started ticking. 28 U.S.C. § 2244(d)(1)(A). On July 26, 2018, Mills paused the clock (or tolled the limitations period) when he filed both his motion to withdraw his guilty plea and his post-conviction petition. 28 U.S.C. § 2244(d)(2); *Lopez*, 426 F.3d at 351-52; *Eberle*, 532 F. App'x at 608-09. At that time, 315 days had elapsed since September 14, 2017, and 50 days remained in Mills's limitations period. The clock started ticking again on November 13, 2019 – the day after the Ohio Supreme Court declined jurisdiction over Mills's post-conviction petition and Mills had no pending state post-conviction proceedings. 28 U.S.C. § 2244(d)(2); ECF Doc. 9-1 at 325; *see also* ECF Doc. 9-1 at 641 (Ohio

---

[5] Mills also argues that his motion to withdraw his guilty plea was a post-conviction motion tolling the limitations period. *See* ECF Doc. 13 at 7 ("the withdraw of guilty plea . . . are post-convictions applications pur. 28 U.S.C.S. § 2244(d)(2)"). And because Mills has not argued that his motion to withdraw his guilty plea had any other nature or effect, any such argument is waived. *Wagner v. United States*, 805 F. App'x 354, 360 (6th Cir. Feb. 28, 2020) ("A party forfeits arguments 'not squarely presented to the district court.' *Thomas M. Cooley Law Sch. V. Kurzon Strauss, LLP*, 759 F.3d 522, 528 (6th Cir. 2014)."); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[T]he Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge].").

11

Supreme Court declining jurisdiction over Mills's plea-withdrawal proceedings on August 20, 2019). This left Mills with a deadline of January 2, 2020. Mills filed his petition on February 7, 2020. ECF Doc. 1 at 16; *see Houston v. Lack*, 487 U.S. 266, 270 (1988) (prison mailbox rule). Mills missed the deadline by 36 days.

Mills is also not entitled to a later limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D), because: (1) he has not alleged any state action that precluded him from filing a timely application; (2) his claims do not rely on a new rule of constitutional law made retroactive to collateral review by the U.S. Supreme Court; and (3) he has not alleged that he could not have earlier discovered the factual predicate of his claims through due diligence. *See generally* ECF Doc. 1; ECF Doc. 13. Mills's only theory – that he did not discover the factual predicate of underlying his claims until another inmate pushed him to request information related to his traffic ticket at an unspecified date – is not sufficient to obtain a later limitations date under § 2244(d)(1)(D). ECF Doc. 13 at 12-15. At its core, Mills's reasoning for why he did not earlier seek the traffic stop information underlying his claims is that he simply did not think to do so because he did not understand what legal theories might be available to him. And courts have consistently rejected the theory that delayed understanding of potential legal theories establishes the kind of diligence required by § 2244(d)(1)(D). *See Imani v. Hooks*, No. 5:14-cv-2454, 2015 U.S. Dist. LEXIS 178232, at *12 (N.D. Ohio Nov. 25, 2015) ("The limitations period under Section 2244(d)(1)(D) does not begin 'when a prisoner actually understands what legal theories are available.' *Owens v. Boyd*, 234 F.3d 356, 369 (7th Cir. 2000). *Accord Townsend v. Lafler*, 99 F. App'x 606 (6th Cir. 2004)."). Moreover, because Mills was not entitled to assistance of counsel or the advice of a fellow inmate, his reliance on a conversation with a fellow inmate on an unknown date does not establish that he could not have discovered his traffic stop information

12

by exercising due diligence at an earlier date. *See Taylor v. Mitchell*, 296 F. Supp. 2d 784, 803 (N.D. Ohio Mar. 3, 2003) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)) (not entitled to counsel); *see also Banzant v. United States*, No. 13-2795, 2016 U.S. Dist. LEXIS 83455, at \*19-20 (W.D. Tenn. Jun. 28, 2016) (indicating that reliance on inmate advice is not diligence).

Accordingly, Mills's petition was due on January 2, 2020. And, because he did not file it until February 12, 2020, it was untimely under AEDPA's one-year statute of limitations.

### C. Equitable Tolling

Because AEDPA's one-year statute of limitations is not jurisdictional, a court may still entertain an untimely petition if the petitioner is entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a habeas petitioner must show that: (1) he pursued his rights diligently; and (2) extraordinary and unavoidable circumstances outside of his control prevented him from timely filing his petition. *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

Mills has not shown that he is entitled to equitable tolling. *Holland*, 560 U.S. at 645, 649. Mills's theory – that his preoccupation with his prosecution and appeal in *State v. Mills*, Summit Cty. Ct. Comm. Pl. Case No. CR-2016-08-2784, Ohio App. Ct. Case No. CA-28954, Ohio S. Ct. Case No. 2019-1176, precluded him from filing a timely brief – is unavailing. ECF Doc. 13 at 17-22. Mills's prosecution in Case No. CR-2016-08-2784 ended in his conviction in January 2018; the Ohio Court of Appeals affirmed that conviction in March 2019; and the Ohio Supreme Court declined jurisdiction in November 2019. *See* Dockets for Summit Cty. Ct. Comm. Pl. Case No. CR-2016-08-2784, and Ohio App. Ct. Case No. CA-28954, *available at* https://clerkweb.summitoh.net/RecordsSearch/SelectDivision.asp (last visited Jan. 8, 2021).

Thus, by the time Mills's criminal proceedings and direct appeals in that case were finished, he still had over a month to file his federal habeas petition in this case. Moreover, Mills's prosecution in *State v. Mills*, Summit Cty. Ct. Comm. Pl. Case No. CR-2016-08-2784, was not an extraordinary circumstance outside of his control. *Holland*, 560 U.S. at 649. Even if his preoccupation with that prosecution distracted him from filing his petition in this case, it did not *prevent* him from doing so. *Holland*, 560 U.S. at 649. And if Mills engaged in the conduct alleged in that later case, that was certainly not something outside of his control. Either way, the fact that he had to defend a separate case provides no basis for a finding that he is entitled to equitable tolling of the statute of limitations in this case.

Further, to the extent Mills's argument that he did not know about the factual predicate underlying his claims until after his discussion with a fellow inmate inspired him to seek additional records could be construed as an additional equitable tolling argument, it is also unavailing. ECF Doc. 13 at 12-15. Lack of legal sophistication and reliance on a fellow inmate's legal advice is not sufficient to demonstrate the exercise of diligence necessary for equitable tolling. *Holland*, 560 U.S. at 649; *see also Banzant*, 2016 U.S. Dist. LEXIS 83455, at *19-20 (lack of legal sophistication and reliance on inmate legal advice were not sufficient to entitle a petitioner to equitable tolling); *accord Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

Accordingly, the court should not look past Mills's failure to file a timely petition on the basis of equitable tolling.

### D. Actual Innocence

A court may also look past the failure to file a timely petition in order to prevent a fundamental miscarriage of justice, when the petitioner presents a claim of actual innocence.

14

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet this burden, a petitioner must persuade the court that, in light of newly discovered evidence, no reasonable juror could have voted to find him guilty beyond a reasonable doubt. *Id.* at 386 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This is a demanding and rarely met burden. *See id.* at 386. Actual innocence means "factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and must be supported with "new reliable evidence . . . that was not presented at trial," *Schlup*, 513 U.S. at 324.

Mills has not argued that an actual innocence claim excuses his failure to file a timely petition; thus, he has forfeited the claim. *See Murr*, 200 F.3d at 902 n.1. Nevertheless, even if Mills had raised such an argument, it would fail. At most, the claims Mills raises in his petition attack the *legal sufficiency* of his underlying criminal proceedings – challenging only whether he had constitutionally effective assistance of counsel; whether his plea was knowing, voluntary, and intelligent; and whether the state courts abused their discretion in handling his post-conviction challenges. *See generally* ECF Doc. 1; ECF Doc. 13. And legal insufficiency is not enough to establish actual, factual innocence. *Bousley*, 523 U.S. at 623.

Accordingly, Mills has not presented a sufficient claim of actual innocence that would permit this court to look past his failure to file a timely petition. *McQuiggin*, 569 U.S. at 386.

### E. Conclusion

Because Mills failed to file a timely petition, and because he has not met his burden to establish any circumstances that would permit this court to look past his failure to file a timely petition, Warden May's motion to dismiss as untimely the claims in Mills's petition for writ of habeas corpus (ECF Doc. 9) must be granted.

## V. Recommendation Regarding Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of 28 U.S.C. § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)." Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a § 2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *See Cunningham v. Shoop,* 817 F. App'x 223, 225 (6th Cir. Aug 24, 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

If the court accepts my recommendation, Mills will not be able to show that the dismissal of his claims as untimely under AEDPA's one-year statute of limitations is debatable among

16

jurists of reason. Mills's deadline to file a timely habeas petition expired on January 2, 2020. He did not file his petition until February 12, 2020. He has not met his burden to show that he is entitled to equitable tolling. And he has not presented an actual innocence claim. Because jurists of reason would not find debatable the conclusion that Mills's petition is untimely or that he has not shown that he is entitled to proceed notwithstanding his failure to file a timely petition, I recommend that no certificate of appealability issue in this case.

## VI. Recommendations

Because Mills's claim is barred by AEDPA's statute of limitation, he is not entitled to equitable tolling, and he has not presented a claim of actual innocence, I recommend that Warden May's motion to dismiss as untimely Mills's claims (ECF Doc. 9) be GRANTED, that Mills's claims be DISMISSED, and that Mills's petition for writ of habeas corpus (ECF Doc. 1) be DENIED. I further recommend that he not be granted a certificate of appealability.

Dated: January 19, 2021

Thomas M. Parker
United States Magistrate Judge

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).