UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| PHIL D. MILLS, | : | CASE NO. 5:20-cv-00307 |
|  | : |  |
| Petitioner, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 1, 9, 16] |
| vs. | : |  |
|  | : |  |
| WARDEN HAROLD MAY, | : |  |
|  | : |  |
| Respondent. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Phil D. Mills seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] Respondent Warden Harold May moves to dismiss Mills's petition as time barred.[2]

Under Local Rule 72.2(b), this case was automatically referred to a Magistrate Judge for a Report and Recommendation.[3] On January 19, 2021, Magistrate Judge Thomas M. Parker issued a Report and Recommendation, recommending that this Court deny Petitioner Mills's habeas petition.[4]

Petitioner Mills objected to Magistrate Judge Parker's determination that the one-year limitation for Mills's habeas petition began to run from the date his judgment became final and not from the date on which he discovered the factual predicate for his claim.[5] The Court reviews the objected-to portion of the Report and Recommendation *de novo*.[6]

---

[1] Doc. 1.
[2] Doc. 9.
[3] Local Rule 72.2(b).
[4] Doc. 16.
[5] Doc. 17.
[6] 28 U.S.C. § 636(b)(1)(c).

Case No. 5:20-cv-00307
GWIN, J.

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** Mills's habeas corpus petition.

## I.  Background

On August 10, 2017, Petitioner Mills pleaded guilty to having a weapon under a disability and improperly handling firearms in a motor vehicle.[7]  On August 14, 2017, the Ohio trial court entered final judgment against Mills.[8]  Under Ohio law, Mills had until September 13, 2017 to file a direct appeal as of right.[9]  Mills did not file a direct appeal.

On July 26, 2018, Mills filed a petition for Ohio post-conviction relief with the Ohio trial court.[10]  On September 17, 2018, the Ohio trial court denied Mills relief and dismissed Mills's petition.[11]  Mills timely appealed to Ohio appeals court.[12]  On June 19, 2019, the Ohio appeals court affirmed the trial court's dismissal.[13]  On June 28, 2019, Mills filed an application for reconsideration.[14]  On August 21, 2019, the Ohio appeals court denied Mills's application for reconsideration.[15]  Mills timely appealed to the Ohio Supreme Court.[16]  On November 12, 2019, the Ohio Supreme Court declined to accept jurisdiction over Mills's appeal.[17]

On July 26, 2018, Mills also filed a motion with the Ohio trial court to withdraw his guilty plea.[18]  On September 23, 2018, the Ohio trial court denied Mills's motion to

---

[7] Doc. 9-1 at 29–33.
[8] *Id.* at 34–36.
[9] Ohio App. R. 4.
[10] Doc. 9-1 at 37–74.
[11] *Id.* at 169–71.
[12] *Id.* at 172–73.
[13] *Id.* at 267–75.
[14] *Id.* at 276–79.
[15] Doc. 9-1 at 291–92.
[16] *Id.* at 293–94.
[17] *Id.* at 325.
[18] *Id.* at 326–337.

Case No. 5:20-cv-00307
GWIN, J.

withdraw Mills's guilty plea.[19] Mills filed a motion for leave to file a delayed appeal of the trial court's denial.[20] On November 30, 2018, the Ohio appeals court granted Mills's motion to file a delayed appeal.[21] On June 5, 2019, the Ohio appeals court affirmed the trial court's denial of Mills's motion to withdraw his earlier guilty plea.[22]

Mills timely appealed the motion to withdraw his plea denial to the Ohio Supreme Court.[23] On August 20, 2019, the Ohio Supreme Court declined to accept jurisdiction over Mills's appeal.[24]

On February 12, 2020, Mills filed a petitioner for a writ of habeas corpus in federal court under 28 U.S.C. § 2254.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner must file an application for a writ of habeas corpus in federal court within one year of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[25]

---

[19] *Id*. at 54–41.
[20] Doc. 9-1 at 544.
[21] Doc. 9-1 at 559.
[22] *Id*. at 610–615.
[23] *Id*. at 616–17.
[24] *Id*. at 641.
[25] 28 U.S.C. § 2244(d)(1).

Case No. 5:20-cv-00307
GWIN, J.

In his motion to dismiss, Respondent Warden May argues 28 U.S.C. § 2244(d)(1)(A) governs Mills's petition. Respondent Warden May says that Mills's habeas corpus petition is untimely because Mills did not file it within one year from the date the judgment against him became final.[26]

In response, Petitioner Mills argues 28 U.S.C. § 2244(d)(1)(D) governs his petition. Mills claims that his petition is timely because, despite his due diligence, he did not discover the factual predicate that underlies his habeas claim until about July 26, 2018.

First, the Court finds that Mills's petition was untimely under 28 U.S.C. § 2244(d)(1)(A).

On September 13, 2017, the Mills's judgment became final when the deadline for a direct appeal passed.[27] On that day, Mills's one-year clock to file a federal habeas corpus petition started.

Roughly nine and one-half months later, and on July 26, 2018, Mills filed a petition for post-conviction relief and a motion to withdraw his guilty plea with the Ohio trial court.[28] These state court filings statutorily tolled Mills's one-year clock.[29]

On November 12, 2019, the Ohio Supreme Court declined to accept jurisdiction over Mills's post-conviction relief appeal, ending the statutory tolling.[30] Mills's one-year clock to file a federal habeas corpus petition started again. Mills's state-court efforts tolled the running

---

[26] Doc. 9; 28 U.S.C. § 2244(d)(1)(A).
[27] Doc. 9-1 at 34–36; Ohio App. R. 4.
[28] *Id.* at 37–74, 326–337.
[29] 28 U.S.C. § 2244(d)(2).
[30] On August 20, 2019, the Ohio Supreme Court declined to accept jurisdiction over Mills's motion to withdraw his guilty plea appeal. Because Mills's post-conviction relief appeal was still pending, the August 20th decision did not end the statutory tolling.

Case No. 5:20-cv-00307
GWIN, J.

of the AEDPA statute of limitations.  They did not restart the AEDPA limitation period.  At that time, Mills had only 50 days left to file a federal habeas corpus petition.

Mills's deadline to file a timely federal habeas petition was January 2, 2020.  Mills filed the present petition on February 12, 2020—more than 40 days late.

Accordingly, under 28 U.S.C. § 2244, Mills's federal habeas corpus petition is untimely.

Second, the Court finds that 28 U.S.C. § 2244(d)(1)(D) does not apply.

Mills argues his limitations period did not begin until around July 16 or 18, 2018, when he discovered the factual predicate that underlies his federal habeas claims.  In his response to Respondent May's motion to dismiss, Mills states that he researched his case "to no avail" until he spoke with another inmate.  Mills explains that the inmate suggested he seek more information about the traffic ticket from the stop that precipitated his arrest and guilty plea.

But Mills knew about the traffic stop since the moment it occurred.  Essentially, Mills's explanation for why he did not seek more information about the legality of the stop sooner, including the traffic ticket, was just that he did not think to do so.  The Court agrees with Magistrate Judge Parker that Mills has not demonstrated that Mills could not have discovered the traffic ticket earlier with due diligence.[31]

Moreover, the Court declines to consider any explanation Mills provides for the first time in his objection.[32]

---

[31] *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) (explaining "the petitioner bears the burden of proving that he exercise due diligence").
[32] *See U.S. v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

Case No. 5:20-cv-00307
GWIN, J.

### III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** Mills's habeas corpus petition.  Further, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  March 29, 2021                               *s/      James S. Gwin*
                                                                         JAMES S. GWIN
                                                                         UNITED STATES DISTRICT JUDGE